UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. LAVALLEUR, et al.,<br><br>　　　　　Defendants. | No.  2:15-cv-1772 GEB AC P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner at High Desert State Prison who proceeds pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff has neither paid the filing fee nor submitted an application to proceed in forma pauperis.  Court records reveal that plaintiff is a designated "three-strikes litigant" under 28 U.S.C. § 1915(g).  See Blackman v. Stainer, Case No. 2:14-cv-2958 KJM KJN P, Order and Findings and Recommendations filed February 24, 2015 (ECF No. 9); adopted by Order filed June 29, 2015 (ECF No. 13) (designating plaintiff a "three-strikes litigant").

　　　　As a result, plaintiff is precluded from proceeding in forma pauperis in this action unless his complaint demonstrates that he was under "imminent danger of serious physical injury" at the time he filed the complaint.  See 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047 (9th Cir. 2007).  This court is required to assess the relevant circumstances and conditions at the time the complaint was filed, to determine "whether the complaint, as a whole, alleges imminent

danger of serious physical injury." Andrews, 493 F.3d at 1053 (citation and internal quotation marks omitted). The danger must be ongoing to meet the imminence requirement. Id. at 1056. "[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception." Id. at 1056-57. Allegations that are overly speculative or fanciful may be rejected. Id. at 1057 n.11. The alleged imminent danger must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003).

For the reasons explained below, the court finds that the instant complaint does not demonstrate that plaintiff was in imminent danger of serious physical injury when he filed the complaint. The complaint therefore does not support an exception to application of Section 1915(g). To proceed in this action, plaintiff must pay the required filing fee of $350.00 plus the $50.00 administrative fee.[1] See 28 U.S.C. §§ 1914(a), 1915(a).

The complaint, which names more than 75 defendants, alleges denial of plaintiff's First Amendment rights to utilize the prison grievance system. Plaintiff alleges that his grievances are routinely and improperly rejected or cancelled, thus precluding him from exhausting his administrative remedies,[2] and that plaintiff is thus denied access to the courts and to the prison law library. Although the complaint alleges that plaintiff is the subject of "discrimination hate crimes" by prison employees, and describes plaintiff's "extreme fear," these statements do not reflect imminent danger of serious physical injury because they are contained in virtually incomprehensible allegations. The following examples support the court's conclusion, ECF No. 1 at 4 (sic):

> [Defendants are] wrongfully rejecting and canceling plaintiff['s] Appeal Grievance complaints to stop plaintiff from (Talking) using state issue appeal complaints paper so plaintiff can't request for (Protection) to stop state prisoner employees from subjecting plaintiff to unjustified deprivation due to discrimination hate crimes. . . .
>
> White prison employee [] using unlawful influence to "Obstruct Justice" in state and federal court (Appeals) and telling other[]

---

[1] Litigants proceeding in forma pauperis are not required to pay the $50.00 administrative fee.
[2] Court records indicate that plaintiff has filed nearly 50 civil complaints in this court since 2005.

2

> prisoners that plaintiff keep filing appeals because he [is] in extreme fear but plaintiff can't have NO! white inmate [] or Mexican inmate [] or black inmate [] as his (Cell-Mate) out of "Extreme Fear" of plaintiff having witnesses in his weight division height 5/4 weight 160 to 165 to be witness to prison employees discrimination hate crimes behind state prison close door's due to prison employees making terrorist threats with a weapon of pepper spray to suffocate plaintiff to confiscate plaintiff['s] personal property for involuntary transfer due to plaintiff not having a private lawyer with (Power) to get a court order to enforce plaintiff['s] First Amendment rights to exhaust plaintiff['s] administrative remedy on appeal . . . .

These examples illustrate the failure of the complaint to demonstrate that plaintiff was in imminent danger of serious physical injury when he filed the complaint. Because the complaint fails to demonstrate an exception to application of the three-strikes rule set forth in 28 U.S.C. § 1915(g), plaintiff may not proceed in forma pauperis in this action but must submit the required fees totaling $400.00 as a precondition to proceeding herein.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall, within thirty days after the filing date of this order, submit $400.00 to the Clerk of Court to commence this action and obtain review of his complaint pursuant to 28 U.S.C. § 1915A.

2. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: September 22, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE